NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CONTENTGUARD HOLDINGS, INC.,**
*Plaintiff-Appellant*

**v.**

**GOOGLE, INC., HTC AMERICA, INC., HTC CORPORATION, HUAWEI DEVICE USA, INC., HUAWEI TECHNOLOGIES CO., LTD., MOTOROLA MOBILITY LLC, SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD.,**
*Defendants-Cross-Appellants*

---

2016-2430, 2016-2431, 2016-2445, 2016-2446, 2016-2447, 2016-2448

---

Appeals from the United States District Court for the Eastern District of Texas in Nos. 2:14-cv-00061-JRG, 2:16-cv-00176-JRG, Judge J. Rodney Gilstrap.

---

Decided: July 12, 2017

---

DIRK D. THOMAS, McKool Smith, P.C., Washington, DC, argued for plaintiff-appellant. Also represented by ROBERT A. COTE, RADU A. LELUTIU, New York, NY.

ROBERT UNIKEL, Arnold & Porter Kaye Scholer LLP, Chicago, IL, argued for all defendants-cross-appellants. Defendants-cross-appellants Google, Inc., Motorola Mobility LLC also represented by DEANNA KEYSOR; MICHAEL J. MALECEK, PETER E. ROOT, Palo Alto, CA. Defendant-cross appellant Google, Inc. also represented by DAN L. BAGATELL, Perkins Coie LLP, Hanover, NH.

TERRY DUANE GARNETT, Loeb & Loeb LLP, Los Angeles, CA, for defendants-cross-appellants HTC America, Inc., HTC Corporation.

SCOTT F. PARTRIDGE, Baker Botts, LLP, Houston, TX, for defendants-cross-appellants Huawei Device USA, Inc., Huawei Technologies Co., Ltd. Also represented by BRADLEY BOWLING, MICHELLE JACOBSON EBER.

NEIL P. SIROTA, Baker Botts, LLP, New York, NY, for defendants-cross-appellants Samsung Electronics America, Inc., Samsung Electronics Co., Ltd. Also represented by ROBERT LAWRENCE MAIER, JENNIFER COZEOLINO TEMPESTA.

_____

Before DYK, REYNA, and WALLACH, *Circuit Judges.*

WALLACH, *Circuit Judge.*

This appeal is related to *ContentGuard Holdings, Inc. v. Apple Inc.* (*Apple*), also decided today. *See* Nos. 2016-1916, 2016-2007, slip op. at 1–13 (Fed. Cir. July 12, 2017). Appellant ContentGuard Holdings, Inc. ("ContentGuard") sued Cross-Appellants Google, Inc. et al ("Google") for patent infringement in the U.S. District Court for the Eastern District of Texas ("District Court"). Relevant here, ContentGuard alleged that Google infringed U.S. Patent Nos. 6,963,859 ("the '859 patent"), 7,823,072 ("the '072 patent"), 8,370,956 ("the '956 patent"), 8,393,007 ("the '007 patent"), and 8,001,053 ("the '053 patent")

(collectively, "the Patents-in-Suit"), all of which relate to digital rights management for computers and other devices.[1]  After claim construction and ruling on various evidentiary motions, the District Court convened a jury trial, and the jury determined that, inter alia, Google had not infringed the Asserted Claims.  Following the jury's verdict, the District Court entered a final judgment in favor of Google.  Both ContentGuard and Google filed renewed motions for judgment as a matter of law ("JMOL") or, in the alternative, motions for a new trial, on the grounds that the jury lacked sufficient evidentiary support for its findings.  The District Court denied the parties' Motions for JMOL or for a New Trial.  *See ContentGuard Holdings, Inc. v. Google, Inc.*, No. 2:14-CV-61-JRG, 2016 WL 3655603, at *1 (E.D. Tex. July 8, 2016).

ContentGuard appeals the District Court's claim construction and denial of ContentGuard's Motion for a New Trial.  Google conditionally cross-appeals.  We affirm.

DISCUSSION

In *Apple*, we affirmed the District Court's construction of the disputed term "usage rights" ("the usage right limitation") and entry of final judgment of noninfringement.  *See* Nos. 2016-1916, 2016-2007, slip op. at 8, 13.

---

[1]    ContentGuard originally alleged that Google infringed the Patents-in-Suit generally, J.A. 454−63; however, before trial, it narrowed its infringement arguments to assert only claim 1 of the '859 patent, claim 1 of the '072 patent, claim 7 of the '956 patent, claim 6 of the '007 patent, and claim 1 of the '053 patent (collectively, "the Asserted Claims"), J.A. 1, 7879.  Because the parties' arguments apply with equal force to each of the Patents-in-Suit, *see generally* Appellant's Br; Cross-Appellants' Br., we refer to the '859 patent when discussing the Patents-in-Suit.

Because ContentGuard conceded that those holdings control here, Oral Arg. at 0:54–1:16, http://oralarguments. cafc.uscourts.gov/default.aspx?fl=2016-2430.mp3, we need not address ContentGuard's claim construction or infringement arguments. Nor do we need to address Google's conditional cross-appeal. *See* Cross-Appellants' Br. 47 n.4 ("If this [c]ourt affirms the judgment of noninfringement, [Google is] willing to withdraw [its] cross-appeal."). Therefore, the sole remaining issue on appeal is whether "[a] new trial is . . . warranted because the District Court allowed [Google], over ContentGuard's objection, to mount an improper 'practicing the prior art'/prosecution disclaimer defense." Appellant's Br. 38 (footnote omitted). After articulating the relevant standards of review, we turn to ContentGuard's argument.

## I. Standards of Review

We "review[] decisions on . . . motions for a new trial[] and evidentiary rulings under the law of the regional circuit," here the Fifth Circuit. *SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1082 (Fed. Cir. 2014) (citation omitted). The Fifth Circuit reviews denials of motions for a new trial for abuse of discretion, and "there is no such abuse of discretion unless there is a complete absence of evidence to support the verdict." *Industrias Magromer Cueros y Pieles S.A. v. La. Bayou Furs Inc.*, 293 F.3d 912, 924 (5th Cir. 2002) (internal quotation marks, alterations, and citation omitted). The Fifth Circuit also reviews evidentiary rulings for abuse of discretion and will affirm the ruling unless it "had a substantial effect on the outcome of the trial." *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 430 (5th Cir. 2014).

## II. The District Court Did Not Abuse Its Discretion in Denying ContentGuard's Motion for a New Trial

ContentGuard argues that the District Court improperly "allow[ed Google] to argue that the jury should find non-infringement if it concludes that [a prior art refer-

ence] teaches a system 'like the Google system,'" because "[t]his [c]ourt has repeatedly held that there is no practicing the prior art defense to literal infringement." Appellant's Br. 41 (internal quotation marks and citation omitted). The District Court found that Google had not presented a practicing the prior art defense but rather "properly distinguished their system from the systems described in the [P]atents-in-[S]uit." *ContentGuard*, 2016 WL 3655603, at *5. We hold that the District Court did not abuse its discretion.

The "practicing the prior art defense typically refers to the situation where an accused infringer compares the accused infringing behavior to the prior art in an attempt to prove that its conduct is . . . noninfringing . . . because the accused conduct is simply practicing the prior art." *Cordance Corp. v. Amazon.com, Inc.*, 658 F.3d 1330, 1337 (Fed. Cir. 2011) (internal quotation marks omitted). We have made it "unequivocally clear . . . that there is no practicing the prior art defense to literal infringement." *Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*, 279 F.3d 1357, 1365 (Fed. Cir. 2002) (internal quotation marks omitted). Therefore, parties are prohibited from arguing that a plaintiff "must prove . . . that . . . the accused devices embody all the limitations in the asserted claims, and in addition, [that the] accused devices must not be an adoption of the combined teachings of the prior art." *Baxter Healthcare Corp. v. Spectramed, Inc.*, 49 F.3d 1575, 1583 (Fed. Cir. 1995).

As an initial matter, ContentGuard concedes that it did not object on the grounds that Google raised an improper practicing the prior art defense before the District Court. Oral Arg. at 6:28–57, http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2016-2430.mp3. Instead, ContentGuard objected on the grounds of prosecution disclaimer. *See* J.A. 10704–07. Because ContentGuard failed to identify the proper grounds for its objection below, ContentGuard failed to preserve its claim of error.

*See* Fed. R. Evid. 103(a) ("A party may claim error in a ruling to . . . exclude evidence *only if* . . . (1) . . . a party, on the record . . . (B) states the specific ground, unless it was apparent from the context . . . ." (emphasis added)). Therefore, these arguments are waived. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule . . . that a federal appellate court does not consider an issue not passed upon below.").[2]

Moreover, the District Court "properly and specifically instructed the jury that when answering the question of infringement, they were only to compare the accused products to the [Asserted C]laims, and were never to compare the accused products to the prior art." *Content-Guard*, 2016 WL 3655603, at \*5; *see* J.A. 12603. ContentGuard has not identified any evidence indicating that the jury misunderstood this explicit instruction from the District Court. *See generally* Appellant's Br. Therefore, the District Court did not abuse its discretion in finding that Google had not asserted a practicing the prior art defense. *See Cordance*, 658 F.3d at 1337 (explaining that the defendant had not improperly presented a practicing the prior art defense by discussing the prior art where the defendant's experts presented sufficient evidence as to each disputed limitation).

---

[2] Although ContentGuard fashions its arguments to this court as objections to "practicing the prior art/prosecution disclaimer," *see, e.g.*, Appellant's Br. 38, 41, 43 (internal quotation marks omitted), ContentGuard provides only bare assertions of prosecution disclaimer that we will not review, *see SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1320 (Fed. Cir. 2006) (declining to consider undeveloped arguments).

CONCLUSION

We have considered the parties' remaining arguments concerning infringement and find them unpersuasive. We do not reach the patent-eligibility and invalidity issues raised in Google's conditional cross-appeal. Accordingly, the Final Judgment of the U.S. District Court for the Eastern District of Texas is

**AFFIRMED**

COSTS

Each party shall bear its own costs.