NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CONTENTGUARD HOLDINGS, INC.,**
*Plaintiff-Appellant*

**v.**

**APPLE INC.,**
*Defendant-Cross-Appellant*

---

2016-1916, 2016-2007

---

Appeals from the United States District Court for the Eastern District of Texas in No. 2:13-cv-01112-JRG, Judge J. Rodney Gilstrap.

---

Decided: July 12, 2017

---

DIRK D. THOMAS, McKool Smith, P.C., Washington, DC, argued for plaintiff-appellant. Also represented by ROBERT AUCHTER; ROBERT A. COTE, RADU A. LELUTIU, New York, NY; SAMUEL FRANKLIN BAXTER, Marshall, TX.

CONSTANTINE L. TRELA, JR., Sidley Austin LLP, Chicago, IL, argued for defendant-cross-appellant. Also represented by NATHANIEL C. LOVE, DAVID T. PRITIKIN; JEFFREY PAUL KUSHAN, Washington, DC.

---

Before DYK, REYNA, and WALLACH, *Circuit Judges.*

WALLACH, *Circuit Judge.*

Appellant ContentGuard Holdings, Inc. ("Content-Guard") sued Cross-Appellant Apple Inc. ("Apple") and various other defendants for patent infringement in the U.S. District Court for the Eastern District of Texas ("District Court"). Relevant here, ContentGuard alleged that Apple infringed U.S. Patent Nos. 6,963,859 ("the '859 patent"), 7,823,072 ("the '072 patent"), 8,370,956 ("the '956 patent"), 8,393,007 ("the '007 patent"), and 8,001,053 ("the '053 patent") (collectively, "the Patents-in-Suit"), all of which relate to digital rights management for computers and other devices.[1] The District Court convened a claim construction hearing and issued a memorandum opinion and order construing the disputed claims of the

---

[1]    ContentGuard originally alleged that Apple infringed the Patents-in-Suit generally, J.A. 502, 3234, 3322; however, before trial, it narrowed its infringement arguments to assert only claim 1 of the '859 patent, claim 1 of the '072 patent, claim 7 of the '956 patent, claim 6 of the '007 patent, and claim 1 of the '053 patent (collectively, "the Asserted Claims"), J.A. 3561. The '859, '072, '956, and '007 patents (collectively, "the Stefik patents") share a specification. *Compare* '859 patent col. 1 l. 1–col. 51 l. 14, *with* '072 patent col. 1 l. 1–col. 52 l. 4, '956 patent col. 1 l. 1–col. 50 l. 52, *and* '007 patent col. 1 l. 1–col. 50 l. 29. The '053 patent incorporates by reference the Stefik patents and purports to improve upon the inventions disclosed therein. *See* '053 patent col. 1 ll. 50–55; Appellant's Br. 16. Because the parties' arguments apply with equal force to all of the Patents-in-Suit, *see generally* Appellant's Br.; Cross-Appellant's Br., we refer to the '859 and '053 patents when discussing the Stefik Patents and the Patents-in-Suit, respectively.

Patents-in-Suit, including the term "usage rights" ("the usage right limitation").[2]  *See ContentGuard Holdings, Inc. v. Amazon.com, Inc.* (*ContentGuard I*), Nos. 2:13-CV-1112-JRG, 2:14-CV-61-JRG, 2015 WL 1289321, at *11−17 (E.D. Tex. Mar. 20, 2015).  Following claim construction, the District Court entered a memorandum opinion and order granting-in-part and denying-in-part the parties' various evidentiary motions, *see ContentGuard Holdings, Inc. v. Amazon.com, Inc.* (*ContentGuard II*), Nos. 2:13-CV-1112-JRG, 2:14-CV-61-JRG, 2015 WL 4944514, at *1 (E.D. Tex. Aug. 19, 2015), and a memorandum opinion and order denying Apple's renewed motion for judgment on the pleadings declaring the Patents-in-Suit patent-ineligible, *see ContentGuard Holdings, Inc. v. Amazon.com, Inc.* (*ContentGuard III*), 142 F. Supp. 3d 510, 511 (E.D. Tex. 2015).

The District Court then convened a jury trial, and the jury determined that Apple had not infringed the Asserted Claims but that Apple had not proven that the Asserted Claims are invalid.  Following the jury's verdict, the District Court entered a final judgment in favor of Apple. Both ContentGuard and Apple filed renewed motions for judgment as a matter of law ("JMOL") or, in the alternative, motions for a new trial, on the grounds that the jury lacked sufficient evidentiary support for its findings.  The District Court denied both parties' Motions for JMOL and for a New Trial.  *See ContentGuard Holdings, Inc. v.*

---

[2]    Each of the Asserted Claims recites the usage right limitation, *see, e.g.*, '053 patent col. 20 l. 47; '859 patent col. 51 l. 19; '072 patent col. 52 l. 11; '956 patent col. 51 l. 44; '007 patent col. 51 l. 24, and the parties do not argue for different constructions across the Patents-in-Suit, *see generally* Appellant's Br.; Cross-Appellant's Br.

*Apple Inc.* (*ContentGuard IV*), No. 2:13-CV-1112-JRG, 2016 WL 1637280, at \*1 (E.D. Tex. Apr. 25, 2016).

ContentGuard appeals the District Court's construction of the usage right limitation and denial of its Motion for a New Trial. Apple conditionally cross-appeals the District Court's denial of its Motion for Judgment on the Pleadings Declaring the Patents-in-Suit Patent-Ineligible, Final Judgment that the Asserted Claims are not invalid, and the denial of its Motions for JMOL and for a New Trial. We affirm.[3]

## JURISDICTION

Before addressing the merits, we must satisfy ourselves of our jurisdiction to adjudicate ContentGuard's appeal. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Apple contends that we lack jurisdiction over ContentGuard's appeal "[b]ecause claims and counterclaims remained unresolved" when ContentGuard filed its notice of appeal, such that "there was no final and appealable judgment at that point." Cross-Appellant's Br. 3 (citation omitted); *see id.* at 2 (listing the purportedly pending claims and counterclaims). These purportedly unresolved claims and counterclaims concern patents and claims that neither ContentGuard nor Apple pursued at trial, J.A. 3561, and that the jury did not address in its findings, J.A. 2716–21, presumably because ContentGuard and Apple abandoned them or intended for them to be dismissed, *see* J.A. 3783–84 (discussing intent to "clean[] up" outstanding claims and counterclaims "so

---

[3] Apple agreed that, "[i]f this [c]ourt . . . affirms the noninfringement judgment on the merits, Apple will voluntarily dismiss its appeal." Cross-Appellant's Br. 75. Because we affirm the District Court's noninfringement judgment, we need not address Apple's conditional cross-appeal.

that a final judgment can be entered that disposes of the entire case"). After a merits resolution as to the Asserted Claims, the District Court entitled its post-trial judgment a "final judgment," J.A. 1 (capitalization omitted), and Apple subsequently filed a motion to dismiss the remaining claims and counterclaims, J.A. 3786–87, which the District Court granted, J.A. 3791–92. Under these circumstances, we hold that the District Court "clearly declared [its] intention in this respect in [its] opinion," *United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 232 (1958), "evinc[ing] a clear intent to resolve or dispose of all claims and end the case," *Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1363 (Fed. Cir. 2003). "There is, therefore, a final judgment of the [D]istrict [C]ourt, and this court has jurisdiction over the appeal under 28 U.S.C. § 1295(a)(1) [(2012)]." *Id.*

## DISCUSSION

ContentGuard argues that a new trial is warranted for two reasons. First, ContentGuard argues that the "[t]he District Court's construction [of the] usage right[ limitation] was error because it is inconsistent with the claims, the specification, the prosecution history, and the commercial embodiment ContentGuard built." Appellant's Br. 30; *see id.* at 30–47.[4] Second, ContentGuard contends that the District Court committed "evidentiary error." *Id.* at 48; *see id.* at 48–51. After articulating the applicable standards of review, we address these arguments in turn.

---

[4] ContentGuard conditions its infringement arguments upon its claim construction argument. *See* Appellant's Br. 37, 39. Because we affirm the District Court's claim construction, we need not address infringement.

I. Standards of Review

We "review[] decisions on motions for JMOL, motions for a new trial, and evidentiary rulings under the law of the regional circuit," here the Fifth Circuit. *SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1082 (Fed. Cir. 2014) (citation omitted). The Fifth Circuit "reviews de novo the district court's denial of a motion for JMOL, applying the same standards as the district court," and JMOL "is appropriate only when a 'reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 179 (5th Cir. 2007) (quoting Fed. R. Civ. P. 50(a)(1)). The Fifth Circuit reviews denials of motions for a new trial for abuse of discretion, and "there is no such abuse of discretion unless there is a complete absence of evidence to support the verdict." *Industrias Magromer Cueros y Pieles S.A. v. La. Bayou Furs Inc.*, 293 F.3d 912, 924 (5th Cir. 2002) (internal quotation marks, alterations, and citation omitted). The Fifth Circuit also reviews evidentiary rulings for an abuse of discretion and will affirm the ruling unless it "had a substantial effect on the outcome of the trial." *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 430 (5th Cir. 2014).

"The proper construction of a patent's claims is an issue of Federal Circuit law . . . ." *Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1228 (Fed. Cir. 2011) (citation omitted). "[C]laim construction must begin with the words of the claims themselves." *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 457 F.3d 1293, 1301 (Fed. Cir. 2006) (citation omitted). "[W]ords of a claim are generally given their ordinary and customary meaning" that they "would have to a person of ordinary skill in the art [(PHOSITA)] in question at the time of the invention . . . ." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312–13 (Fed. Cir. 2005) (en banc) (internal quotation marks and citation omitted). The PHOSITA "is deemed to read the claim term not only

in the context of the particular claim in which the disputed term appears, but in the context of the entire patent, including the specification."[5] *Id.* at 1313. Where, as here, "the district court reviews only evidence intrinsic to the patent (the patent claims and specifications, along with the patent's prosecution history),[6] the judge's determination will amount solely to a determination of law, and we will review that construction de novo." *CardSoft, LLC v. VeriFone, Inc.*, 807 F.3d 1346, 1350 (Fed. Cir. 2015) (internal quotation marks, brackets, and citation omitted).

## II. The District Court Properly Construed the Usage Right Limitation

ContentGuard's primary argument concerns the construction of the usage right limitation, namely the District Court's requirement that usage rights be "attached, or treated as attached" to the digital content. *See ContentGuard I*, 2015 WL 1289321, at *17. Specifically, ContentGuard argues that "[i]t was error for the District Court to conclude that [digital rights management] systems that rely on usage rights that are 'associated with' content fall outside the scope of [the] Stefik[] patents." Appellant's Br. 30; *see id.* at 31–32 (discussing language from certain Asserted Claims and from the specification of the Stefik patents that refers to "usage rights associated with the content" (citations omitted)). We disagree.

---

[5]　A specification "includes both the written description and the claims" of a patent. *In re Packard*, 751 F.3d 1307, 1319–20 n.11 (Fed. Cir. 2014).

[6]　"The prosecution history . . . consists of the complete record of the proceedings before the [U.S. Patent and Trademark Office] . . . ." *Phillips*, 415 F.3d at 1317 (citation omitted).

At the claim construction hearing, the parties disputed the construction of the usage right limitation. *See ContentGuard I*, 2015 WL 1289321, at *11 (providing the parties' proposed constructions). Rejecting both parties' proposed constructions, the District Court construed the usage right limitation to mean, in relevant part, "indications that are *attached, or treated as attached*, to [a digital work / digital content / content / a digital document]." *Id.* at *17 (emphasis added). In response to various evidentiary motions, the District Court held that the parties' "claim construction arguments have previously been considered and expressly rejected" and reiterated that "[n]o expert may opine or insinuate that a *mere association* between the content and the usage rights is enough to meet the requirement that the usage rights be 'attached' to the content." *ContentGuard II*, 2015 WL 4944514, at *4 (emphasis added).

We agree with the District Court's construction of the usage right limitation. We begin our analysis "with the words of the claims themselves." *Amgen*, 457 F.3d at 1301 (citation omitted). Neither party contends that "usage right" has a plain and ordinary meaning to a PHOSITA, *see generally* Appellant's Br.; Cross-Appellant's Br., and we must determine whether the claims define "usage right," *see Marine Polymer Techs., Inc. v. HemCon, Inc.*, 672 F.3d 1350, 1358 (Fed. Cir. 2012). We conclude that they do not. While both claim 1 of the '859 patent and claim 1 of the '072 patent specify that the usage right is "associated with" digital content in some instances, '859 patent col. 51 ll. 19, 27; '072 patent col. 52 ll. 11–12, the majority of the references to the usage right in the Asserted Claims (including additional references in claim 1 of the '859 patent and claim 1 of the '072 patent) are not followed by either "attached to" or "associated with," *see* '859 patent col. 51 ll. 28−29, 37−38; '072 patent col. 52 ll. 12−13, 15, 18−19, 20; '956 patent col. 51 ll. 44, 58; '007 patent col. 51 ll. 24, 40, 42; '053

patent col. 20 ll. 47, 48, 51. Because the claim language is not dispositive as to the meaning of the usage right limitation, we turn to the specification. *See Marine Polymer*, 672 F.3d at 1358; *see also Trs. of Columbia Univ. v. Symantec Corp.*, 811 F.3d 1359, 1363 (Fed. Cir. 2016) ("'[T]he specification is *always* highly relevant to the claim construction analysis' and is, in fact, 'the single best guide to the meaning of a disputed term.'" (quoting *Phillips*, 415 F.3d at 1320)).

The specification removes all doubt that the usage right must be "attached to" the digital content. The Stefik patents' "Glossary" section states that "[u]sage rights and fees are attached to the digital work." '859 patent col. 50 ll. 11–12; *see id.* col. 49 ll. 48–51 (defining "Composite Digital Work" as "[a] digital work comprised of distinguishable parts" that "[e]ach . . . have usage rights attached").[7] In fact, maintaining the attachment between the usage right and the content is "[a] key feature of the present invention." *Id.* col. 6 l. 11; *see, e.g., id.* col. 10 ll. 45–46 (stating, in a section of the specification entitled "Attaching Usage Rights to a Digital Work," that "[i]t is fundamental to the present invention that the usage rights are treated as part of the digital work"). The "attached, or treated as attached" requirement of the District Court's construction reflects the Patents-in-Suit's

---

[7] The Stefik patents' "Glossary" section also defines "Usage Rights," but the definition includes neither the "attached, or treated as attached" nor the "associated with" language. *See* '859 patent col. 51 ll. 7–10. The District Court determined that this definition, which expressed usage rights in terms of a "language," did not limit the construction of the usage right limitation, *see ContentGuard I*, 2015 WL 1289321, at *12–13, and neither party challenges that holding on appeal, *see generally* Appellant's Br.; Cross-Appellant's Br.

"repeated[] and consistent[] characteriz[ation of the usage right limitation] in a particular way" and, thus, "it is proper to construe the [usage right limitation] in accordance with that characterization." *GPNE Corp. v. Apple Inc.*, 830 F.3d 1365, 1370 (Fed. Cir. 2016) (internal quotation marks omitted).

ContentGuard's counterarguments are unpersuasive. ContentGuard proffers a construction of the usage right limitation that simply replaces "attached, or treated as attached" with "associated with." Appellant's Br. 52.[8] However, ContentGuard repeatedly has argued that "the[se] terms are synonymous," Appellant's Reply 12; *see, e.g.*, Appellant's Br. 5; Appellant's Reply 13, and we will not assign error to the District Court for declining to

---

[8] ContentGuard did not propose an alternative construction of the usage right limitation that included the term "association" or its variants to the District Court, *see ContentGuard I*, 2015 WL 1289321, at *11–17, and ContentGuard fails to consistently advocate for a particular construction on appeal, *compare* Appellant's Br. 37 (proffering "an indication of the manner in which a [digital work / digital content / content / a digital document] may be used or distributed as well as any conditions on which use or distribution is premised"), *with id.* at 52 (proffering, in the Conclusion section, "indications that are associated with [a digital work / digital content / content / a digital document] and that indicate the manner in which the [digital work / digital content / content / digital document] may be used or distributed as well as any conditions on which use or distribution is premised"). ContentGuard clarified its proposed construction to substitute the term "associated with" for "attached to" at oral argument. *See* Oral Arg. at 33:59–34:19, http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2016-1916.mp3.

include every synonym of every word in a construction, particularly when neither party advocated for its inclusion to the District Court, *cf. Andersen Corp. v. Fiber Composites, LLC*, 474 F.3d 1361, 1368 (Fed. Cir. 2007) (rejecting as "unpersuasive" an argument that a "synonym" for a claim term appearing in the specification alters the definition of the claim term because "the use of that alternative term in the . . . specification is not inconsistent with the restrictive definition . . . where the invention is described in more detail").

Because ContentGuard proffers a construction that is synonymous to the District Court's construction, ContentGuard's position amounts to a challenge to the District Court's evidentiary ruling that prevented ContentGuard's expert from arguing that "*mere association* between the content and the usage rights is enough to meet the requirement that the usage rights be 'attached' to the content." *ContentGuard II*, 2015 WL 4944514, at *4 (emphasis added); *see* Oral Arg. at 11:18–29, http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2016-1916.mp3 ("We were precluded from saying that an 'association' between the usage rights and the content was sufficient to meet the 'attached, or treated as attached' claim construction."). We review such decisions for abuse of discretion. *See Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1225 (Fed. Cir. 2014) ("We review decisions on . . . the admission of expert testimony under the law of the regional circuit," here the Fifth Circuit. (citation omitted)); *Snap-Drape, Inc. v. Comm'r*, 98 F.3d 194, 197 (5th Cir. 1996) ("The decision whether to admit expert testimony is entrusted to the sound discretion of the trial court. Such an evidentiary ruling is reversible on review only for an abuse of that discretion." (footnote omitted)). Because the District Court's decision "avoided possible jury confusion" stemming from the parties' introduction of terms outside the District Court's claim construction, it does not constitute an abuse of discretion.

*TiVo, Inc. v. EchoStar Commc'ns Corp.*, 516 F.3d 1290, 1311–12 (Fed. Cir. 2008).

### III. ContentGuard Has Waived Its Arguments on Evidentiary Rulings

ContentGuard argues that the District Court committed various evidentiary errors that warrant a new trial. Appellant's Br. 48–51. Although ContentGuard describes examples of Apple's purported "gamesmanship," *id.* at 51, ContentGuard fails to identify any erroneous evidentiary rulings by the District Court that "had a substantial effect on the outcome of the trial" sufficient to constitute an abuse of discretion, *Verizon Commc'ns*, 761 F.3d at 430; *see generally* Appellant's Br., even after Apple identified the deficiencies of ContentGuard's contentions, *see* Cross-Appellant's Br. 64 (stating that ContentGuard "fails to identify any specific rulings to be overturned on appeal— much less explain how they reflect an abuse of discretion"); *see generally* Appellant's Reply. A party's failure to make arguments under the operative legal framework "typically warrants a finding of waiver." *Nan Ya Plastics Corp. v. United States*, 810 F.3d 1333, 1347 (Fed. Cir. 2016) (citing, inter alia, *Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1983) (finding waiver when "counsel has made no attempt to address the issue" because "[t]he premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them")). Because ContentGuard failed to identify the District Court rulings purportedly requiring reversal or to apply the appropriate legal framework in its analysis, we decline to address its arguments here.

CONCLUSION

We have considered ContentGuard's remaining infringement arguments and find them unpersuasive. Accordingly, the Final Judgment of the U.S. District Court for the Eastern District of Texas is

**AFFIRMED**

COSTS

Each party shall bear its own costs.